**NORTH MEMORIAL HEALTH CARE, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**National Labor Relations Board, Petitioner**

v.

**North Memorial Health Care, Respondent**

No: 16-3433, No: 16-3657

United States Court of Appeals, Eighth Circuit.

July 14, 2017

Meggen E. Lindsay, Thomas R. Trachsel, Felhaber & Larson, Minneapolis, MN, for North Memorial Health Care.

Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Jill A. Griffin, Supervisory Attorney, Richard F. Griffin, Jr., Joel Abraham Heller, Gary Shinners, National Labor Relations Board, Washington, DC, for National Labor Relations Board.

Before BENTON, BEAM and MURPHY, Circuit Judges.

## JUDGMENT

This cause was submitted on a petition for review of a final order of the National Labor Relations Board and cross-application by the National Labor Relations Board for enforcement. The cases were submitted on the record, briefs of the parties and were argued by counsel.

After consideration, it is hereby ordered and adjudged that the National Labor Relations Board's cross-application for enforcement is granted in part and the petition for review is granted in part in accordance with the opinion of this Court, dated June 21, 2017. Petitioner/Cross-Respondent North Memorial Health Care is hereby ordered to abide by the proposed judgment which is attached to this judgment and incorporated herein.

BEAM, Circuit Judge, dissenting.

Attachment

## UNITED STATES COURT OF APPEALS

### FOR THE EIGHTH CIRCUIT

NORTH MEMORIAL HEALTH CARE

Petitioner/Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD

Respondent/Cross-Petitioner

Nos. 16-3433 and 16-3657

## JUDGMENT

Before: BENTON, BEAM, and MURPHY, Circuit Judges.

THIS CAUSE came to be heard upon a petition filed by North Memorial Health Care to review, and upon a cross-application for enforcement filed by the National Labor Relations Board to enforce, an Or-

der of the National Labor Relations Board in Board Case Nos. 18-CA-132107, 18-CA-133944, 18-CA-135228, 18-CA-132818, reported at 364 NLRB No. 61 (Aug. 2, 2016). The Court heard argument of the parties and has considered the briefs and agency record filed in this cause. On June 21, 2017, the Court, being fully advised in the premises, handed down its opinion granting in part the petition of North Memorial Health Care and granting in part the Board's cross-petition for enforcement. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that North Memorial Health Care, Robbinsdale, Minnesota, its officers, agents, successors, and assigns, shall abide by said order (See Attached Order and Appendix).

July 14, 2017

Order Entered in Accordance with Opinion

Clerk, U.S. Court of Appeals, Eighth Circuit

---

/s/ Michael E. Gans

Attached Order

NORTH MEMORIAL HEALTH CARE

v.

NATIONAL LABOR RELATIONS BOARD

## ORDER

North Memorial Health Care, Robbinsdale, Minnesota, its officers, agents, successors, and assigns, shall

1. Cease and desist from

(a) Prohibiting nonemployee representatives of the SEIU and/or the MNA from having nondisruptive union-related conversations at the Robbinsdale, Minnesota facility (the facility) in areas that are open to the general public.

(b) Physically interfering with the ability of nonemployee representatives of the SEIU and/or the MNA to meet with, and talk to, employees at the facility in areas that are open to the general public.

(c) Surveilling the conversations that nonemployee representatives of the SEIU and/or the MNA have with employees at the facility.

(d) Ejecting nonemployee representatives of the SEIU and/or the MNA from the facility, banning such individuals from the facility, and/or threatening to have such individuals arrested because they engage in nondisruptive union-related conversations at the facility in areas that are open to the general public.

(e) Prohibiting employees in the sterile processing department at the facility from posting union information on the bulletin board in that department.

(f) Coercively interrogating employees about their union activities and/or threatening that such activities have been placed under surveillance.

(g) Prohibiting off-duty employees from wearing shirts with union insignias while in locations at the facility that are not immediate patient care areas.

(h) Changing the terms and conditions of employment of its unit employees represented by the SEIU and/or the MNA without first notifying SEIU and/or MNA and giving SEIU and/or MNA an opportunity to bargain.

(i) Unilaterally imposing restrictions on the activities of nonemployee representatives of the SEIU and/or

the MNA in areas at the facility that are open to the general public.

(j) Ejecting and/or banning nonemployee representatives of the SEIU and/or the MNA from the facility for violating unlawfully imposed restrictions on union activity.

(k) Discharging or otherwise discriminating against employees for supporting the SEIU or any other labor organization.

(l) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Rescind the restrictions unlawfully imposed on the union activities of nonemployee union representatives.

(b) Rescind the restrictions unlawfully imposed on employees' posting of union information on the bulletin board in the sterile processing department.

(c) Rescind the restriction unlawfully placed on the wearing of shirts with union insignias in locations at the facility that are not immediate patient care areas.

(d) Rescind the trespass notices/warnings issued to SEIU representative Frederick Anthony and MNA representative Karlton Scott, and notify them that this has been done.

(e) Within 14 days from the date of this Order, offer Melvin Anderson full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed.

(f) Make Melvin Anderson whole for any loss of earnings and other benefits suffered as a result of the discrimination against him, in the manner set forth in the remedy section of the judge's decision as amended in this decision.

(g) Compensate Melvin Anderson for the adverse tax consequences, if any, of receiving a lump-sum backpay award, and file with the Regional Director for Region 18, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay award to the appropriate calendar year.

(h) Within 14 days from the date of this Order, remove from its files any reference to the unlawful discharge of Melvin Anderson, and within 3 days thereafter, notify Anderson in writing that this has been done and that the discharge will not be used against him in any way.

(i) Preserve and, within 14 days of a request, or such additional time as the Regional Director may allow for good cause shown, provide at a reasonable place designated by the Board or its agents, all payroll records, social security payment records, timecards, personnel records and reports, and all other records, including an electronic copy of such records if stored in electronic form, necessary to analyze the amount of backpay due under the terms of this Order.

(j) Within 14 days after service by the Region, post at its Robbinsdale, Minnesota facility copies of the attached notice marked "Appendix."

Copies of the notice, on forms provided by the Regional Director for Region 18, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since June 23, 2014.

(k) Within 14 days after service by the Region, hold a meeting or meetings during working hours, which shall be scheduled to ensure the widest possible attendance of unit employees, at which time the attached notice is to be read to employees by a responsible management official, in the presence of a Board agent and an agent of the Union, if the Region or the Union so desires, or, at the Respondent's option, by a Board agent in the presence of a responsible management official and, if the Union so desires, of an agent of the Union.

(*l*) Within 21 days after service by the Region, file with the Regional Director for Region 18 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

APPENDIX

**NOTICE TO EMPLOYEES**

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union

Choose representatives to bargain with us on your behalf

Act together with other employees for your benefit and protection

Choose not to engage in any of these protected activities.

WE WILL NOT prohibit nonemployee representatives of SEIU Healthcare Minnesota (SEIU) and/or Minnesota Nurses Association (MNA) from having nondisruptive union-related conversations at the Robbinsdale, Minnesota facility (the facility) in areas that are open to the general public.

WE WILL NOT physically interfere with the ability of nonemployee representatives of the SEIU and/or the MNA to meet with, and talk to, you at the facility in areas that are open to the general public.

WE WILL NOT surveil the conversations that nonemployee representatives of the SEIU and/or the MNA have with you at the facility.

WE WILL NOT eject nonemployee representatives of the SEIU and/or the MNA from the facility, ban such individuals from the facility, and/or threaten to have such individuals arrested because they engage in nondisruptive union-related conversations in areas at the facility that are open to the general public.

WE WILL NOT prohibit employees in the sterile processing department at the facility from posting union information on the bulletin board in that department.

WE WILL NOT coercively interrogate you about your union activities and/or threaten that we have placed such activities under surveillance.

WE WILL NOT prohibit off-duty employees from wearing shirts with union insignias while in locations at the facility that are not immediate patient care areas.

WE WILL NOT change the terms and conditions of employment of unit employees represented by the SEIU and/or the MNA without first notifying SEIU and/or MNA and giving SEIU and/or MNA an opportunity to bargain.

WE WILL NOT unilaterally impose restrictions on the activities of nonemployee representatives of the SEIU and/or the MNA in areas at the facility that are open to the general public.

WE WILL NOT eject and/or ban nonemployee representatives of the SEIU and/or the MNA from the facility for violating unlawfully imposed restrictions on union activity.

WE WILL NOT discharge or otherwise discriminate against any of you for supporting the SEIU or any other labor organization.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL rescind the restrictions unlawfully imposed on the union activities of nonemployee union representatives.

WE WILL rescind the restrictions unlawfully imposed on employees' posting of union information on the bulletin board in the sterile processing department.

WE WILL rescind the restriction unlawfully placed on the wearing of shirts with union insignias in locations at the facility that are not immediate patient care areas.

WE WILL rescind the trespass notices/warnings issued to SEIU representative Frederick Anthony and MNA representative Karlton Scott and notify them that this has been done.

WE WILL, within 14 days from the date of the Board's Order, offer Melvin Anderson full reinstatement to his former job or, if that job no longer exists, to a substantially equivalent position, without prejudice to his seniority or any other rights or privileges previously enjoyed.

WE WILL make Melvin Anderson whole for any loss of earnings and other benefits resulting from his discharge, less any net interim earnings, plus interest.

WE WILL compensate Melvin Anderson for the adverse tax consequences, if any, of receiving a lump-sum backpay award, and WE WILL file with the Regional Director for Region 18, within 21 days of the date the amount of backpay is fixed, either by agreement or Board order, a report allocating the backpay award to the appropriate calendar year.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any reference to the unlawful discharge of

Melvin Anderson, and WE WILL, within 3 days thereafter, notify him in writing that this has been done and that the discharge will not be used against him in any way.

WE WILL hold a meeting or meetings during working hours and have this notice read to you and your fellow employees by a responsible management official, in the presence of a Board agent and an agent of the Union, if the Region or the Union so desires, or by a Board agent in the presence of a responsible management official and, if the Union so desires, of an agent of the Union.

NORTH MEMORIAL HEALTH CARE